IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**NANCY O.,**[1]

    **Plaintiff,**

v.                                                             **Case No.: 1:22-cv-00340**

**KILOLO KIJAKAZI,**
**Acting Commissioner of the**
**Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION

This is an action seeking review of the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner") denying Plaintiff's applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. The case is presently before the court on the Commissioner's Uncontested Motion for Remand. (ECF No. 9). Both parties have consented in writing to a decision by the United States Magistrate Judge. (ECF No. 10). The Court has fully considered the Motion for Remand and **GRANTS** same. Accordingly, the Court finds that the decision of the Commissioner should be **REVERSED** and **REMANDED,** pursuant to sentence four of 42 U.S.C. § 405(g), for further evaluation of

---

[1] The Court lists only the first name and last initial of any non-government parties in Social Security opinions pursuant to the October 31, 2022 Standing Order in this District, which adopts the recommendation of the May 2018 Judicial Conference Committee on Court Administration and Case Management concerning privacy of personal and medical information.

1

Plaintiff's application as stated herein.

Plaintiff, Nancy O. ("Claimant"), completed applications for DIB and SSI on August 8, 2019, alleging a disability onset date of July 22, 2019. (Tr. at 218-227). The Social Security Administration ("SSA") denied the applications initially and upon reconsideration. (Tr. at 13). Claimant filed a request for a hearing, which was held on September 29, 2021 before the Honorable Michael Dennard, Administrative Law Judge, ("ALJ"). (Tr. at 34-74). By written decision dated November 2, 2021, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 13-26). The ALJ's decision became the final decision of the Commissioner on June 17, 2022, when the Appeals Council denied Claimant's request for review. (Tr. at 1-4).

On August 16, 2022, Claimant timely filed the present civil action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (ECF No. 2). The Commissioner filed an Answer and a Transcript of the Proceedings on October 18, 2022. (ECF Nos. 7, 8). Prior to Claimant filing her brief, on November 16, 2022, the Commissioner filed an uncontested motion for remand, indicating that the ALJ's decision denying benefits merited further evaluation. (ECF No. 9). According to the Commissioner, Claimant concurred that further proceedings would be beneficial.

Title 42 U.S.C. § 405(g) authorizes the district court to remand the decision of the Commissioner of Social Security for further consideration at different stages of the judicial proceedings. When the Commissioner requests remand prior to filing an answer to the plaintiff's complaint, the presiding court may grant the request under sentence six of § 405(g), upon a showing of good cause. In addition, a court may remand the matter "at any time" under sentence six to allow "additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence

which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). When a court remands the Commissioner's decision under sentence six, the court retains jurisdiction over the matter, but "closes it and regards it as inactive" until additional or modified findings are supplied to the court. *See McPeak v. Barnhart,* 388 F.Supp.2d 742, 745 n.2. (S.D.W. Va. 2005).

In contrast, under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Because a sentence four remand essentially "terminates the litigation with victory for the plaintiff," the court enters a final judgment dismissing the case and removing it from the court's docket. *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) ("Under § 405(g), 'each final decision of the Secretary [is] reviewable by a *separate* piece of litigation," and a sentence-four remand order '*terminate[s]* the civil action' seeking judicial review of the Secretary's final decision.") (quoting in *Sullivan v. Hudson,* 490 U.S. 877, 892 (1989).

Given that the Commissioner explicitly asks for a sentence four remand,[2] the court **REVERSES** the final decision of the Commissioner; **GRANTS** the motion to remand, (ECF No. 9); **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion; and **DISMISSES** this action from the docket of the Court. A Judgment Order will be entered accordingly.

---

[2] Furthermore, this case does not present either of the factual scenarios that would typically support a sentence six remand. The Commissioner's motion was not made until *after* the answer was filed, and neither party has, at this time, offered new evidence that was not previously made a part of the record.

The Clerk of this Court is directed to transmit copies of this Memorandum Opinion to counsel of record.

**ENTERED:** November 17, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge